UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAWAD KHACHAB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15CV357 SNLJ |
| | ) | |
| THE BOEING COMPANY and | ) | |
| TRISH O'BANNON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to compel discovery. The

motion has been fully briefed and is ripe for disposition. For the following reasons, the

Court will grant in part and deny in part the motion to compel.

## I.      Background

Plaintiff Jawad Khachab filed this action alleging claims of employment

discrimination in violation of the Missouri Human Rights Act (MHRA), section 213.100

RSMo *et seq*., against defendants The Boeing Company, his former employer, and Trish

O'Bannon, his former supervisor. Plaintiff alleges harassment, discrimination, and

termination of his employment because of his age, his association with his disabled son,

and in retaliation for a discrimination complaint he made pursuant to the MHRA.

## II.     Legal Standard

The Federal Rules of Civil Procedure relating to discovery permit each party to

serve the opposing party with document requests and interrogatories which relate to "any

matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2) and 34(a).

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter

that is relevant to any party's claim or defense[.]" Fed.R.Civ.P. 26(b)(1). Where a party

fails to cooperate in discovery, the propounding party may move the Court "for an order

compelling an answer, designation, production, or inspection." Fed.R.Civ.P. 37(a)(3)(B).

"Some threshold showing of relevance must be made before parties are required to open

wide the doors of discovery and to produce a variety of information which does not

reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377,

380 (8th Cir. 1992). "Upon a showing by the requesting party that the discovery is

relevant, the burden is on the party resisting discovery to explain why discovery should

be limited." *CitiMortgage, Inc. v. Allied Mortg. Group, Inc.*, 4:10CV1863 JAR, 2012

WL 1554908, at *2 (E.D. Mo. May 1, 2012).

## III. Discussion

Defendants filed a motion to compel seeking responses to a number of

interrogatories and requests for production of documents. Several issues raised in the

motion are moot because plaintiff submitted supplemental responses. Plaintiff's response

to the motion alleges that only one issue remains – defendants' request for an unlimited

authorization for plaintiff's son's medical records. Defendants contend, however, that

plaintiff's discovery responses remain deficient in three areas: 1) failure to fully respond

to interrogatories 1 and 2 requesting information about plaintiff's other employers; 2)

failure to fully respond to interrogatory 3 and requests 81, 82, and 87 seeking information

and documents regarding plaintiff's efforts to mitigate damages; and 3) failure to provide

information and documents regarding plaintiff's son's alleged disability in response to

interrogatory 14 and request 88 including failure to execute an authorization that would

allow defendants to obtain medical records related to his son's disability.  The Court will

address the matters that still appear to be in dispute.

As to interrogatories 1, 2, and 3 and requests 81, 82, and 87, defendants are not

seeking a ruling on any objection made by plaintiff.  Instead, they merely complain that

plaintiff's responses are inadequate.  Additionally, as to interrogatory 2, defendants argue

that plaintiff's response is inconsistent with his response to interrogatory 1.  In his

response to the motion, plaintiff has not asserted or argued any objection as to

interrogatories 1, 2, and 3 or requests 81, 82, and 87.  Instead, plaintiff maintains that he

has provided all responsive information and documents.  If plaintiff has any further

information with regard to those interrogatories and requests, he is ordered to supplement

his responses within fourteen days.  If he has provided all information and documents in

his possession and/or available to him, defendants may address any deficiencies or

inconsistencies during plaintiff's deposition and/or potentially at trial.

The parties agree that there is a discovery dispute as to defendants' request for

information and medical records for plaintiff's son as set forth in Interrogatory 14 and

Request 88.  Interrogatory 14 states:

> Describe in detail any and all forms of medical or psychological care, treatment,
> and/or consultation that your son has received in the past 10 years, including but
> not limited to care, treatment or consultation received from any hospital, doctor,
> nurse, nurse practitioner, psychiatrist, psychologist, or other healthcare
> practitioner, or any therapist, counselor, or member of the clergy of any kind, or
> healthcare provider or other provider of any kind, including without limitation
> such care, treatment or consultation received for any condition you contend is a

disability, and for each instance state the following:

(A) the name, address and phone number of each healthcare provider, doctor, psychologist, counselor and/or therapist or other healthcare provider or provider of any kind, who has rendered such care, treatment and/or consultation;
(B) their area of expertise, if any
(C) the type of care, treatment and/or consultation rendered;
(D) the inclusive dates of such care, treatment and/or consultation;
(E) the cost of such care, treatment and/or consultation;
(F) the identity and custodian of each document relating to any treatment, care and/or consultation; and
(G) please sign and return the attached Authorization for Use or Disclosure of Medical/Benefits Records form and the attached Authorization for Use or Disclosure of Protected Health Information (Psychotherapy Notes) form, either in blank or as to each such provider.

Request 88 seeks:

Any and all documents and ESI that relate to any medical or psychological treatment, therapy or counseling of any type that your son, or anyone associated with you, has sought or undergone for the last ten years as a result of any condition that you allege constitutes a disability, including but not limited to medical records, statements, invoices, checks, bills, and receipts. Please execute the attached Authorization for Use or Disclosure of Protected Health Information (Psychotherapy Notes) and the Authorization for Use or Disclosure of Medical/Benefits Records, either in blank or as to each such provider.

Plaintiff objects to these discovery requests for a number of reasons including that the information and authorization sought are overly broad. The Court agrees that the discovery requests are overly broad in time and scope. Although defendants may be entitled to some medical records as to the alleged disability of plaintiff's son that is the basis of the claim for association discrimination, for the relevant time, the discovery requests are not so limited. As a result, the objections to interrogatory 14 and request 88 will be sustained.

4

Finally, the Court will deny defendants' request for attorneys' fees incurred for the filing of the motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to compel (ECF #17) is **GRANTED in part** and **DENIED in part** as set forth above. If plaintiff has any further information with regard to interrogatories 1, 2, and 3 or requests 81, 82, and 87, he is ordered to supplement his responses within fourteen days.

Dated this 15th day of October, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE